## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CHARLES K. OLANIYI,<br>　　　　　Appellant, | DOCKET NUMBER<br>SF-0752-16-0212-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DATE: January 6, 2017 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Charles K. Olaniyi, Palmdale, California, pro se.

Joseph Manuel Briones, Los Angeles, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which sustained his demotion. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The agency demoted the appellant from a GS-12 Supervisory Medical Technologist position to a GS-11 Medical Technologist position based on 15 specifications of the charge of delay in carrying out the responsibilities of his position.  Initial Appeal File (IAF), Tab 1, Tab 6 at 18, 20, 32.[2]  In the specifications supporting the charge the agency stated that, from late April through June 2015, the appellant failed to assure that quality control data for a number of laboratory instruments was within established laboratory ranges.  IAF, Tab 1.

¶3    The appellant appealed to the Board the agency's action, alleging that it constituted retaliation for his protected activity; namely, filing equal employment opportunity (EEO) complaints.  *Id*.    After conducting a hearing, the

[2] The copy of the notice of proposed demotion submitted by the appellant is 6 pages long and reflects 15 specifications.  IAF, Tab 1.  The copy of the notice submitted in the agency file, however, is 5 pages long and reflects 11 specifications.  It appears that one of the pages of the notice is missing from the agency's file.  IAF, Tab 6.  The agency subsequently submitted a complete copy of the notice with its prehearing submissions.  IAF, Tab 14.

administrative judge issued an initial decision finding that the agency proved 12 of the 15 specifications, and that it proved the charge. IAF, Tab 19 Initial Decision (ID) at 3-29. She also found that the appellant failed to prove that the agency took the action in retaliation for his filing EEO complaints. ID at 29-32. Finally, she found that the agency established that the demotion penalty promoted the efficiency of the service and was within the bounds of reasonableness. ID at 32-34.

¶4      On June 20, 2016, the appellant filed an apparently untimely petition for review in which he generally disagrees with the findings in the initial decision. Petition for Review (PFR) File, Tab 6. The agency has responded with a motion to dismiss the petition as untimely filed. PFR File, Tab 8.

The appellant's petition for review was untimely filed.

¶5      The initial decision, issued on April 11, 2016, informed the appellant that a petition for review must be filed by May 16, 2016. ID at 35. On May 3, 2016, the appellant filed a timely request for an extension of time to file his petition. PFR File Tab 1. The Clerk of the Board granted the extension, and notified the appellant that a petition must be filed on or before June 15, 2016. PFR File, Tab 3. Two days before the petition for review's new filing deadline, the appellant filed a request to exceed the 30-page length limitation for a petition for review. PFR File, Tab 4. By order dated June 14, 2016, the Clerk denied the appellant's request because he did not establish sufficient cause to file a petition that exceeded the regulatory page limit, and the request was not received by the Clerk 3 days before the petition for review filing deadline. PFR File, Tab 5. The Clerk informed the appellant that he may file a page-limit compliant petition for review by the June 15, 2016 filing deadline. *Id*.

¶6      The appellant filed his petition on June 20, 2016. PFR File, Tab 6. The Clerk informed the appellant that his petition was untimely and afforded him the opportunity to file, by July 16, 2016, a Motion to Accept Filing as Timely or to

Waive Time Limit. PFR File, Tab 7. The appellant timely filed his motion by first-class mail. PFR File, Tab 9. In it, he states that he filed his 57-page petition for review on June 15, 2016, before he received the Clerk's denial of his request to file a petition that exceeded the regulatory page limit. *Id*. He also states that he received the Clerk's order denying his request on June 18, 2016, and thereafter he filed his page-limit compliant petition. PFR File, Tab 10.

¶7 The Board will waive its filing deadline only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.12, 1201.114(f). To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 5 (2014); *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶8 Here, the appellant's delay was 5 days, a somewhat considerable period of time. *See, e.g.*, *Summers v. U.S. Postal Service*, 87 M.S.P.R. 403, ¶¶ 6, 12 (2000) (finding that a delay of 1 month and a delay of 15 days were significant), *aff'd*, 25 F. App'x 827 (Fed. Cir. 2001). The Board has no record of having received the 57-page petition for review that the appellant alleges to have timely filed. Even if he did, however, it would have been filed after the Clerk denied his untimely request to file a petition that was outside the Board's page limit.

¶9        Also, the appellant knew or should have known that he untimely filed his request to exceed the Board's petition for review page limit.  He filed his request for leave to file a petition exceeding 30 pages 1 day outside the Board's regulatory time limit to file such.  5 C.F.R. § 1201.114(h).  Further, the appellant knew of his choice to receive communication from the Board via U.S. mail[3] and therefore should have been aware that he could not receive by the filing deadline the Clerk's decision on his request to exceed the petition for review page limit.  Under these circumstances, we find that the appellant knew or should have known that it was important that he inquire about a decision on his request before the time limit to file a petition for review had passed.  However, because the appellant is pro se, he filed a compliant petition for review within 2 days of receiving the Clerk's letter, and because, as explained below, the appellant's arguments on petition for review fail on the merits, we accept what might otherwise have been an untimely petition for review.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶10        In his petition for review, the appellant reiterates the arguments he made below that, as a supervisor on the day shift, he was improperly held responsible for addressing failed quality control values on devices that were used by employees on the evening and night shifts, while supervisors on those shifts were not held to the same responsibility.  PFR File, Tab 6 at 4.  The appellant also asserts that he was delayed in his ability to manage quality control values due to understaffing; that the agency did not provide manufacturer recommended water, temperature, and humidity in the laboratory; that he was not permitted to assign some duties to subordinates, such as contacting vendors and ordering supplies, but that other shift supervisors were allowed to assign duties to subordinates; and

---

[3] Although e-filers are deemed to have received an order on the date of electronic issuance, 5 C.F.R. § 1201.14(m)(2), *Mills v. U.S. Postal Service*, 119 M.S.P.R. 482, ¶ 6 (2013), the appellant had never registered as an e-filer.

that he was delayed in performing quality control duties because he had to work in a hostile environment created when he was placed on a performance improvement plan that required him to respond to letters of inquiry. Additionally, the appellant specifically disagrees with the deciding official's assessment of the *Douglas* factors.[4]  As explained below, the administrative judge addressed each of these assertions and we agree with the findings that she made in her lengthy and detailed initial decision.[5]

¶11        The administrative judge correctly found that the agency was not required to assign quality control responsibilities to other employees.  We agree with the administrative judge that the agency's practice of concentrating responsibility for the management of quality control values with the appellant and the agency's decision not to distribute responsibility for the management of quality control values among multiple supervisors did not absolve the appellant of his responsibility to timely perform these duties.  ID at 6.

---

[4] On review, the appellant argues that, after his demotion, the agency "engaged in falsification and manipulation of [quality control] values."  PFR File, Tab 6 at 22.  He states that he submitted evidence in support of his assertion with his petition for review.  However, there are no attachments to the appellant's petition.  Thus, his claim is unsupported.  To the extent that his assertion constitutes new argument, the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  The appellant has made no such showing.  In any event, the appellant's argument is not relevant or material to the issue before the Board, the charge that the appellant delayed in carrying out the duties of his position.

[5] The appellant contends that the administrative judge erred by rejecting his submission showing harm to patients due to needle stick injuries, apparently asserting that he should not be disciplined because the agency did not show that his charged misconduct had caused injury to any patient.  During the prehearing conference, the administrative judge found the exhibit that the appellant submitted in support of his assertion that another supervisor had inflicted needle stick injuries on patients was irrelevant to the issues in this appeal, and she rejected it.  IAF, Tab 15.  We agree.  The charged misconduct did not involve any incident of patient harm.

¶12     As to whether the appellant was delayed in his ability to manage quality control values due to understaffing, the administrative judge found that the laboratory had staff openings during the time period that the appellant was charged with delay in carrying out his duties. ID at 6. She noted that agency witnesses testified that the appellant's decision to perform technologists' work himself during these low staffing times may not have been the optimal supervisory decision, and it would have been preferable for the appellant to give precedence to performing his supervisory duties, including managing quality control value trends. ID at 6-7. We agree with the administrative judge that, under the circumstances presented in this case, the difficulties presented by understaffing did not relieve the appellant of his responsibility to timely perform management of the quality control values.

¶13     We agree with the administrative judge that the environmental issues, such as the lack of a consistent source of deionized water, and temperatures in excess of that required for the optimal functioning of the instruments in the laboratory, issues over which the appellant had little control, rendered quality control management more challenging. However, the appellant failed to demonstrate how the potential impact of these environment factors had an actual impact on his ability to timely perform his quality control responsibilities. ID at 7.

¶14     As to the appellant's authority to assign duties to subordinates, we agree with the administrative judge that the record establishes that the appellant's supervisor did not prohibit the appellant from delegating responsibilities but did prohibit the delegation of responsibilities specifically delegated to the appellant as a laboratory supervisor by the laboratory manager, and those that he could not assign because of bargaining unit provisions. ID at 8.

¶15     Regarding the appellant's argument that he was delayed in performing quality control duties because he was working in a hostile environment and had to respond to letters of inquiry during the time that he spent on a performance

improvement plan, the administrative judge properly found that the letters sent to the appellant related to the appellant's performance in his position, and articulated the standards to which he was being held. For example, the letters reminded the appellant that he should be performing weekly and monthly quality control value reviews. IAF, Tab 12. They also reminded the appellant that he was responsible for identifying trends, directing corrective action, and ensuring that corrective action was documented.

¶16    As to the penalty, where all of the agency's charges are sustained, as they are here, the Board will review the agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *See Powell v. U.S. Postal Service*, 122 M.S.P.R. 60, ¶ 12 (2014). In making this determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised. *Id*. The Board will modify or mitigate an agency-imposed penalty only when it finds the agency failed to weigh the relevant factors or the penalty clearly exceeds the bounds of reasonableness. *Id*.

¶17    Here, the deciding official testified regarding her considerations in selecting the demotion penalty and submitted a completed worksheet explaining the factors that she considered in imposing that penalty. IAF, Tab 6 at 24-27. She noted the significance to patient care of delays in ensuring that the quality control values of instruments in the laboratory are within acceptable ranges. *Id*. On her worksheet, she noted that quality control irregularities for troponin, such as those shown because of the appellant's delay, increased the likelihood of reporting inaccurate laboratory results potentially leading to missed detection of cardiac events. *Id*. at 25. The deciding official, moreover, considered the appellant's past discipline, a 7-day suspension also for delay in carrying out the duties of his

position, the appellant's limited amount of Federal service, dating from June 5, 2011, his supervisor's loss of confidence in his ability to carry out his duties, and the agency's table of penalties. *Id*. at 25-26. We agree with the administrative judge, that, in selecting the demotion penalty, the agency considered all of the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *See Powell*, 122 M.S.P.R. 60, ¶ 12.[6]

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

---

[6] The appellant does not disagree with the administrative judge's finding that the appellant failed to prove that the agency's action constituted retaliation for prior EEO activity. ID at 29-32. However, in his petition he asserts that his prior discipline should not be considered because it was taken in retaliation for his EEO activity. The Board's review of a prior disciplinary action is limited to determining whether that action is clearly erroneous, if the employee was informed of the action in writing, the action is a matter of record, and the employee was permitted to dispute the charges before a higher level of authority than the one that imposed the discipline. *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339-40 (1981). The agency documented the appellant's suspension. IAF, Tab 6 at 138. Whether the suspension was retaliatory is outside the scope of the Board's review.

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD: _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.